UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PABLO HERMOGENES FLORES
GARCIA,

                     *Petitioner*,

      – against –

IMMIGRATION AND CUSTOMS
ENFORCEMENT, in their official
capacity; MDC BROOKLYN, in their
official capacity; MARKWAYNE MULLIN,
Secretary, U.S. Department of Homeland
Security, in his official capacity; TODD
BLANCHE, Acting U.S. Attorney General
of the U.S. Department of Justice, in his
official capacity; DAREN MARGOLIN,
EOIR Director, U.S. Department of
Justice, in his official capacity,

                     *Respondents.*

**SCHEDULING ORDER**
26-cv-02561 (NCM)

**NATASHA C. MERLE**, United States District Judge:

WHEREAS, Petitioner, through counsel, states that he is and has been detained by respondents since April 13, 2026, and is currently in respondents' custody at Metropolitan Detention Center in Brooklyn, New York;

WHEREAS, Petitioner, through counsel, filed a Petition for a Writ of Habeas Corpus ("Petition"), ECF No. 1, alleging that his detention violates his constitutional and statutory rights;

WHEREAS, Petitioner seeks a Temporary Restraining Order and Preliminary Injunction barring respondents from transferring him outside of the jurisdiction of this

1

Court while the Petition is pending, Emergency Mot. For Temp. Restraining Ord. and Prelim. Injunction, ECF No. 2;

It is hereby:

**ORDERED**, that in order to preserve the Court's jurisdiction pending final disposition of the Petition, respondents are **ENJOINED** from moving petitioner to a location outside the Eastern District of New York, the Southern District of New York, or the District of New Jersey absent further order of this Court. *See, e.g., Loc. 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. N.Y. Shipping Ass'n, Inc.*, 965 F.2d 1224, 1237 (2d Cir. 1992) ("Once the district court acquires jurisdiction over the subject matter of, and the parties to, the litigation, the All Writs Act[,] 28 U.S.C. § 1651[,] authorizes a federal court to protect that jurisdiction.");[1] *Garcia-Izquierdo v. Gartner*, No. 04-cv-07377, 2004 WL 2093515, at *2 (S.D.N.Y. Sep. 17, 2004) (observing that, under the All Writs Act, 28 U.S.C. § 1651, a district court "may order that a petitioner's deportation be stayed . . . when a stay is necessary to preserve the Court's jurisdiction of the case"); *Khalil v. Joyce*, No. 25-cv-01935, 2025 WL 750599, at *1 (S.D.N.Y. Mar. 10, 2025) (barring the government from removing petitioner from the United States until the Court could address his claim); *Y.G.B. v. Almodovar*, No. 25-cv-06244 (E.D.N.Y. Nov. 19, 2025), ECF No. 12 at 2 (same);[2] *cf. Michael v. I.N.S.*, 48 F.3d 657, 661–62 (2d Cir. 1995) (holding that the All Writs Act provides a federal court of appeals reviewing a final removal order with a basis to stay removal);

---

[1]   Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

[2]   Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

**ORDERED**, that petitioner's application for a temporary restraining order and preliminary injunction is denied as moot by the Court's foregoing Order to Show Cause.

**ORDERED**, that respondents shall submit a letter, by **Friday, May 1, 2026**, **at 12:00 p.m.**, stating: (1) the statutory provision(s) under which respondents assert the authority to detain petitioner; and (2) whether the Second Circuit's decision in *Barbosa Da Cunha v. Freden*, No. 25-3141 (2d Cir. Apr. 28, 2026) controls, or whether otherwise there is any material basis to distinguish the instant case from this Court's prior decisions in *Y- C- v. Genalo*, No. 25-cv-06558, 2025 WL 3653496 (E.D.N.Y. Dec. 17, 2025), *Crespo Tacuri v. Genalo*, No. 25-cv-06896, 2026 WL 35569 (E.D.N.Y. Jan. 6, 2026), *Terrero v. Tsoukaris*, No. 26-cv-00869, 2026 WL 607917 (E.D.N.Y. Mar. 4, 2026), or any other decision of this Court. If respondents take the position that the present case is controlled by *Barbosa Da Cunha* and/or is not materially different from one or more of the Court's prior decisions, respondents shall further state whether respondents consent to the issuance of the writ, subject to preservation of respondents' arguments for appeal;

**ORDERED**, that if respondents take the position that the present case is not controlled by *Barbosa Da Cunha* or any of the Court's prior decisions, respondents are ordered to show cause, in writing, as to why the relief sought in the Petition should not be granted and otherwise respond to the factual and legal assertions in the Petition no later than **Tuesday, May 5, 2026, at 12:00 p.m.**;

**ORDERED**, that if respondents file a response to the Order to Show Cause, they are directed to file, under seal if necessary, any records, documents, or other information in petitioner's immigration file, as well as any underlying records relied upon in their submission not yet filed by petitioner, and records indicating whether any property was

3

seized from petitioner at the time of arrest. Respondents must serve a copy of the response on petitioner, with proof of such service to the Clerk of this Court;

**ORDERED**, that if respondents file a response to the Order to Show Cause, petitioner shall file a reply no later than **Wednesday, May 6, 2026, at 12:00 p.m.**;

**ORDERED**, that if respondents file a response to the Order to Show Cause, the parties shall appear for a hearing and oral argument on the petition on **Thursday, May 7, 2026, at 3:30 p.m.** before the Hon. Natasha C. Merle in Courtroom 2F North of the Brooklyn Federal Courthouse;

**ORDERED**, that by **today, Thursday, April 30, 2026**, petitioner shall serve respondents with a copy of the petition, along with a copy of this Order, by overnight mail and promptly file proof of such service on the docket. Counsel for respondents shall promptly enter a notice of appearance.

The Clerk of the Court is respectfully directed to deliver a copy of this Order to the U.S. Attorney's Office at Richard.Hayes@usdoj.gov.

**SO ORDERED.**

          */s/ Natasha C. Merle*
          NATASHA C. MERLE
          United States District Judge

Dated:      April 30, 2026
          Brooklyn, New York