UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| PABLO HERMOGENES FLORES GARCIA,<br><br>                    *Petitioner,*<br><br>    – against –<br><br>IMMIGRATION AND CUSTOMS ENFORCEMENT, in their official capacity; MDC BROOKLYN, in their official capacity; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in his official capacity; TODD BLANCHE, Acting U.S. Attorney General of the U.S. Department of Justice, in his official capacity; DAREN MARGOLIN, EOIR Director, U.S. Department of Justice, in his official capacity,<br><br>                    *Respondents.* | **MEMORANDUM & ORDER**<br>26-cv-02561 (NCM) |

**NATASHA C. MERLE**, United States District Judge:

On April 13, 2026, U.S. Immigration and Customs Enforcement ("ICE") agents arrested and detained petitioner Pablo Hermogenes Flores Garcia. Pet. for Writ of Habeas Corpus ("Petition") ¶¶ 5, 31, ECF No. 1[1] Petitioner is currently being detained by respondents at the Metropolitan Detention Center ("MDC") in Brooklyn, New York. Pet. ¶¶ 5, 32. Petitioner now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241. Pet. 1. For the reasons discussed below, the petition is **GRANTED**.

---

[1]    Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

## BACKGROUND

Petitioner is allegedly a citizen of Nicaragua. Pet. ¶ 16. Petitioner has resided in the United States since 2022 after allegedly entering without being inspected. Pet. ¶ 29. Petitioner was detained by ICE on April 13, 2026, *see* Pet. ¶ 31, and is currently being held by respondents at the MDC, *id.* ¶ 32. He commenced the instant action on April 29, 2026 by filing a petition for a writ of habeas corpus. *See* Pet. The same day, the Court issued an order directing respondents to submit a letter stating: (1) the statutory provision(s) under which respondents assert the authority to detain petitioner; and (2) whether the Second Circuit's decision in *Cunha v. Freden*, No. 25-3141 (2d Cir. Apr. 28, 2026) controls, or whether otherwise there is any material basis to distinguish the instant case from this Court's prior decisions in *Y- C- v. Genalo*, No. 25-cv-06558, 2025 WL 3653496 (E.D.N.Y. Dec. 17, 2025), *Crespo Tacuri v. Genalo*, No. 25-cv-06896, 2026 WL 35569 (E.D.N.Y. Jan. 6, 2026), *Terrero v. Tsoukaris*, No. 26-cv-00869, 2026 WL 607917 (E.D.N.Y. Mar. 4, 2026), or any other decision of this Court. Scheduling Order 2, ECF No. 4.

The government filed a response stating that petitioner is subject to detention under 8 U.S.C. § 1225(b)(2)(A) and acknowledging that *Cunha*, "which is controlling in the Second Circuit[,]" held that "8 U.S.C. § 1225(b)(2)(A) does not apply to aliens who are presently in the United States after entering the country without inspection and admission, and who were not apprehended at or near the border at the time of entry. Rather, . . . 8 U.S.C. § 1226(a) applies." Resp'ts' Letter dated May 1, 2026 ("Response") 1, ECF No. 5 (citing *Cunha v. Freden*, No. 25-3141, 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026)). The response further stated that "regardless of *Cunha*, under the Court's prior jurisprudence in *Y-C-* and *Crespo Tacuri*, Section 1226(a) . . . is the applicable detention authority in this case." Resp. 1.

Although petitioner has not yet filed a reply, "[t]he Court issues the instant Order before [p]etitioner's deadline to file a reply in light of its obligation to determine the facts, and dispose of habeas petitions expeditiously, as law and justice require." *Ccorihuaman v. Genalo*, No. 26-cv-00554, 2026 WL 328983, at *1 (E.D.N.Y. Feb. 6, 2026) (quoting 28 U.S.C. § 2243).[2]

## LEGAL STANDARD

Section 2241 authorizes federal district courts "to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)). Under Section 2241, "[f]ederal courts have jurisdiction to hear habeas corpus claims by noncitizens challenging the constitutionality of their detention." *Rodriguez-Acurio v. Almodovar*, --- F. Supp. 3d ---, No. 25-cv-06065, 2025 WL 3314420, at *8 (E.D.N.Y. Nov. 28, 2025) (citing *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020)).

## DISCUSSION

Petitioner contends, among other arguments, that he is being detained in violation of the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment. Pet. ¶¶ 70–72, 78–85.[3] Respondents concede that, pursuant to controlling precedent in this Circuit, the statutory detention authority upon which petitioner's detention relies "does not apply" to individuals, like petitioner, "who are presently in the

---

[2] Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

[3] The Court does not reach any other claim raised by petitioner. *See, e.g.*, Pet. ¶¶ 73–77, 86–94.

United States after entering the country without inspection and admission, and who were not apprehended at or near the border at the time of entry." Resp. 1; *see* Pet. ¶¶ 29–31. Respondents also note that under the Court's prior decisions in "*Y- C-* and *Crespo Tacuri*, Section 1226(a) . . . is the applicable detention authority in this case." *Id.*

Accordingly, because this Court is bound by the Second Circuit's decision in *Cunha*, and for the reasons stated by this Court in *Y-C-* and *Crespo Tacuri*, which the Court incorporates here by reference, the Court concludes that petitioner is being unlawfully detained pursuant to 8 U.S.C. § 1226 and in violation of his rights to due process under the Fifth Amendment.[4] *See Cunha*, 2026 WL 1146044, at *2, *Y-C-*, 2025 WL 3653496, at *7; *Crespo Tacuri*, 2026 WL 35569, *7; *see also Ccorihuaman*, 2026 WL 328983, at *2; *Meza-Figueredo v. Bondi*, No. 26-cv-01320, 2026 WL 673279 (E.D.N.Y. Mar. 10, 2026).

"Habeas is at its core a remedy for unlawful executive detention" and "[t]he typical remedy for such detention is, of course, release." *Munaf v. Green*, 553 U.S. 674, 693 (2008). The Court therefore deems petitioner entitled to immediate release.

## CONCLUSION

For the foregoing reasons, the Court holds that petitioner's detention violates the INA and the Due Process Clause of the United States Constitution. The petition for a writ of habeas corpus is therefore **GRANTED**.

---

[4] For the avoidance of doubt, the Court does not address any legal or factual argument that respondents do not raise here or did not raise in their briefing in *Y- C-* or *Crespo Tacuri. See Catania v. United Fed'n of Tchrs.*, No. 21-cv-01257, 2023 WL 1962533, at *3 (S.D.N.Y. Feb. 13, 2023) ("Courts generally do not decide issues not raised by the parties." (quoting *Cone v. Bell*, 556 U.S. 449, 482 (2009) (Alito, J., concurring))); *see also Russell v. Bd. of Plumbing Exam'rs*, 1 F. App'x 38, 41 (2d Cir. 2001) (summary order) ("We are, however, troubled by the district court reaching an issue neither pressed nor briefed before it, and urge against such a practice in the future.").

Respondents are directed to release petitioner from custody within 24 hours of this Order and file a letter on the docket no later than 12:00 p.m. on May 4, 2026 certifying their compliance. The Court further orders that petitioner shall not be re-detained without notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, where the government will have the burden of showing that his detention is authorized under 8 U.S.C. § 1226(a). For the avoidance of doubt, the Court concludes that petitioner "is entitled to release from the unlawful restrictions on his liberty—which means, in the circumstances here, restoration of . . . the status quo ante." *Khabazha v. ICE*, No. 25-cv-05279, 2025 WL 3281514, at *8–9 (S.D.N.Y. Nov. 25, 2025) (ordering government to release petitioner from "restrictions on his liberty imposed as a result of his unlawful [detention] . . . including the ankle monitor and reporting requirements"); *see also Ccorihuaman*, 2026 WL 328983, at *2. This Order includes "an injunction barring deprivation of [petitioner's] rights without the requisite procedural protections." *Khabazha*, 2025 WL 3281514, at *8; *see also Ccorihuaman*, 2026 WL 328983, at *2.

Respondents' May 5, 2026 deadline to file a full response, petitioner's May 6, 2026 deadline to file a reply, and the hearing scheduled for May 7, 2026 are hereby adjourned *sine die*.

Should the petitioner seek an award of reasonable fees and costs under the Equal Access to Justice Act, he may file a letter application on the docket within thirty days of this Order. The Clerk of Court is respectfully directed to enter judgment consistent with the Order and close the case.

**SO ORDERED.**

                                     *_/s/ Natasha C. Merle_*
                                     NATASHA C. MERLE
                                     United States District Judge

Dated:         May 1, 2026
                 Brooklyn, New York